UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL LIKER | CIVIL ACTION NO. 24-0967 |
| VERSUS | |
| SWN PRODUCTION LOUISIANA, LLC | JUDGE ALEXANDER C. VAN HOOK |
| | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Pending before the Court is a Report and Recommendation ("R&R") to grant the motion to amend filed by the Plaintiff. R. Doc. 29. The Defendant, SWN Production Louisiana, LLC ("SWN"), objected so the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1).

In its objection, SWN claimed that the Magistrate Judge erred in his application of the *Hensgens* factors. R. Doc. 31, at 3-4. SWN argued *inter alia* that the Magistrate Judge incorrectly decided that the amended petition stated a possessory action under Louisiana law.[1] *Id.* at 4-10. Louisiana Code of Civil Procedure Article 3655 defines a possessory action as one "brought by the possessor…of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed[.]"

---

[1] The Court also rejects SWN's remaining arguments, including that remand would impose undue prejudice upon it. As the Magistrate Judge reasoned, whether a trespass occurred requires first deciding who owns the land. Because litigating ownership is unavoidable, SWN would suffer no greater prejudice from remand than it would endure otherwise.

According to SWN, the amended petition failed to state a possessory action because the amended defendants only granted a surface easement to the property and otherwise did not commit a "physical invasion." *See* R. Doc. 31, at 5, 7. This argument is unavailing.

A disturbance can be "one in fact *or law*." La. Code Civ. P. art. 3658 (emphasis added). A disturbance in law includes "the execution, recordation, or registry…of any instrument that asserts or implies a right of ownership or right to the possession of the immovable property or a real right therein." La. Code Civ. P. art. 3659(c). Here, in stating that the amended defendants granted a surface easement for land that he allegedly owned, the Plaintiff pleaded that a disturbance in law occurred. R. Doc. 25-2 at 2, 3 (stating that Plaintiff "asserts ownership interest in a tract of land" and the amended defendants granted surface easements that "cover all or part of the tract claimed by [Plaintiff]."). Accordingly, as the Magistrate Judge found, the amended petition sufficiently pled a possessory cause of action.

After de novo review of the record, including the filed objections, the Court ADOPTS the R&R, and for the reasons contained therein, the Motion to File Second Amending and Supplemental Petition is GRANTED, and this case is REMANDED to the 42nd Judicial District Court for Desoto Parish, Louisiana.

**DONE AND SIGNED** at Shreveport, Louisiana, this 18th day of February, 2026.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**ALEXANDER C. VAN HOOK**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**